[No. 28943. Department Two. January 6, 1943.]

THE STATE OF WASHINGTON *on the Relation of Theodore H. Eggers et al., Plaintiff,* v. ROGER J. MEAKIM, *as Judge of the Superior Court for King County, Respondent.*[1]

*Ervin F. Dailey,* for relators.

*John Caughlan,* for respondent.

GRADY, J.—This is an original proceeding in this court, instituted by petition of Theodore H. Eggers and Harriette Eggers, his wife, praying that a writ of certiorari issue, directed to the respondent, as judge of the superior court of Washington for King county, requiring him to cause to be issued a complete and

[1]Reported in 132 P. (2d) 750.

full transcript of the record and proceedings in cause numbered 340010 therein, entitled "In the Matter of the Application of Theodore H. Eggers and Harriette Eggers, his wife, for a Writ of Habeas Corpus," or to show cause, at a time and place to be fixed by this court, why he should not do so. The writ was sought for the purpose of reviewing before this court an order of the superior court for King county vacating an order of adoption entered in another proceeding before the same court. In response to the alternative writ of certiorari, the respondent made and filed his return.

It appears from the record that, on November 16, 1942, the superior court of Washington for King county, probate cause No. 83169 therein, entitled "In the Matter of the Adoption of Rony William Smith, a Minor," made and entered an order authorizing and permitting the petitioners therein named, Theodore H. Eggers and Harriette Eggers, husband and wife, to adopt Rony William Smith, a minor child, and changing his name to Norman Keith Eggers. Prior to this time, the minor had become a ward of the juvenile court and was placed in the temporary custody of Roger Burke and Anne Burke, his wife.

Upon the entry of the order of adoption, the adoptive parents made demand upon the temporary custodians that they deliver the child to them, which demand was refused. On November 17, 1942, the adoptive parents instituted *habeas corpus* proceedings, and, on that date, a writ of *habeas corpus* was issued by the superior court of Washington for King county, directed to these custodians, requiring them to bring the child before the court on November 18, 1942.

In response to the writ, the child was brought before the court, and, at the hearing upon the writ of *habeas corpus*, the court made an order vacating the

order of adoption, as shown upon its records by the following minute entry:

"IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY
"Wednesday Nov. 18, 1942
"Court Convened at 10:15 A. M.
"Hon. Roger J. Meachim [Meakim] Presiding
"Leonard Wilson, Clerk
"No. 340010
"In re: Application of Theodore H. Eggers and Harriette Eggers for Writ of Habeas Corpus
"Ervin F. Dailey, Atty for Petitioners
"John Caughlan, Atty for Respondents
"Court directs that the Order of Adoption in cause No. 83169 entered Nov. 16th, 1942, be vacated."

In the return made by the respondent, the adoption proceedings are set forth, from which it appears that the court had jurisdiction to make and enter the order of adoption. This order and the proceedings upon which it is based are fair and regular on their face. In making and entering the order of adoption, we must presume that the court found all the necessary jurisdictional and other facts to exist.

If, at the hearing in the *habeas corpus* proceedings, it appeared to the court that the order of adoption had been entered without jurisdiction of the court so to do, it would have been justified in disregarding the order. But, as the order was made by a court having jurisdiction so to do, it should have been given full force and effect. The court was without power or authority to summarily vacate the order of adoption at the hearing in the *habeas corpus* proceedings.

The order before us for review is reversed.

ROBINSON, C. J., BEALS, BLAKE, and SIMPSON, JJ., concur.